## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**AMBER ROTH**, natural daughter and Class 1 )
Beneficiary of KAREN ROTH**,** deceased,　　)
　　　　　　　　　　　　　　　　　　　)
**DREW ROTH**, natural son and Class 1　　)
Beneficiary of KAREN ROTH, deceased,　　)
　　　　　　　　　　　　　　　　　　　)
**NICHOLAS ROTH**, natural son and Class 1 )
Beneficiary of KAREN ROTH, deceased, and )
　　　　　　　　　　　　　　　　　　　)
**BRITTNEY JACKSON**, natural daughter and )
Class I Beneficiary of KAREN ROTH,　　)
deceased,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**v.**　　　　　　　　　　　　　　　　)　　Cause No.
　　　　　　　　　　　　　　　　　　　)
**UNITED STATES OF AMERICA**,　　　　)
<u>Serve:</u>　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Pamela J. Bondi　　　　　　　　　　　)
Attorney General of the United States　　)
U.S. Department of Justice　　　　　　)
950 Pennsylvania Avenue, NW　　　　)
Washington, DC 20530-0001　　　　　)
　　　　　　　　　　　　　　　　　　　)
And　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Thomas C. Albus　　　　　　　　　　)
U.S. Attorney | Eastern District of Missouri )
Thomas Eagleton U.S. Courthouse　　)
111 S. 10th Street, 20th Floor　　　　)
St. Louis, MO 63102　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

1

## COMPLAINT

Plaintiffs, Amber Roth, Drew Roth, Nicholas Roth, and Brittney Jackson, as natural children and Class I Beneficiaries Pursuant to Mo. Rev. Stat. §537.080, of Ms. Karen Roth, deceased, through counsel, Richard J. Zalasky and Brown & Crouppen, P.C., state as follows for their Complaint against Defendant United States of America:

## PRELIMINARY STATEMENT

1. On February 8, 2024, at approximately 3:45 PM, Karen Roth ("Decedent"), was fatally struck and run over by Cassandra Norman while acting in the course and scope of her employment and/or agency with the United States Postal Service ("USPS"). The collision took place on Green Valley Drive, a residential street in St. Louis, Missouri.

2. By certified mail sent to the United States Postal Service National Tort Center on July 22, 2025, Plaintiffs submitted, filed, and made an administrative claim against Defendant United States of America, by and through its congressionally established agency, the USPS, pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 2671-2680.

3. It has been more than six (6) months since the administrative claim was filed with and received by USPS National Tort Center, and no decision or disposition of the administrative claim has been issued or made by the congressionally established agency of Defendant United States of America. Pursuant to 28 U.S.C. § 2675, Plaintiffs, at their option, deem such inaction by the agency to be a final denial of the administrative claim, in consequence of which Plaintiffs have exhausted their administrative remedy precedent and prerequisite to the filing of this Federal Tort Claims Act suit. *See* 28 U.S.C. § 2675.

## PARTIES

4.      Amber Roth ("Plaintiff Amber Roth") is an individual over the age of eighteen (18) and resides in the County of St. Charles, State of Missouri.  At all times relevant herein, Plaintiff Amber Roth was the natural daughter of Karen Roth ("Ms. Karen Roth").

5.      Drew Roth ("Plaintiff Drew Roth") is an individual over the age of eighteen (18) and resides in the County of Lake, State of Ohio.  At all times relevant herein, Plaintiff Drew Roth was the natural son of Ms. Karen Roth.

6.      Nicholas Roth ("Plaintiff Nicholas Roth") is an individual over the age of eighteen (18) and resides in the County of Madison, State of Illinois.  At all times relevant herein, Plaintiff Nicholas Roth was the natural son of Ms. Karen Roth.

7.      Brittney Jackson ("Plaintiff Brittney Jackson") is an individual over the age of eighteen (18) and resides in the County of Lake, State of Ohio.  At all times relevant herein, Plaintiff Brittney Jackson was the natural daughter of Ms. Karen Roth.

8.      United States of America ("Defendant United States of America") is the sovereign government that has consented to be sued for civil liability for torts pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.  Pursuant to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2679, the United States of America is the proper party defendant in this lawsuit pursuant to the Federal Tort Claims Act.

**JURISDICTION & VENUE**

9.      The United States District Court for the Eastern District of Missouri has jurisdiction over Plaintiffs' claim against Defendant United States of America pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 2671-2680, 1346(b), *et seq.*

10.     Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) & (c) because the events giving rise to Plaintiffs' claim occurred in Saint Louis County, State of Missouri.

11.     Divisional Venue is proper in the Eastern Division because the events leading to the claim arose in Saint Louis County, State of Missouri.  *See* Local Rule 2.07 (FRCP 3) Divisional Venue.

**ALLEGATIONS SUPPORTING NEGLIGENCE CLAIM**

12.     The USPS is a congressionally established agency of Defendant United States of America.  Among the duties and responsibilities of the USPS are to receive, transmit, and deliver letters, printed matter, parcels, and similar materials throughout the United States.

13.     On and/or before February 8, 2024, Cassandra Norman was the employee, servant, and agent of the USPS, authorized to carry out the duties and responsibilities of the USPS, namely transmit and deliver letters, printed matter, parcels, and similar materials throughout St. Louis, Missouri.

14.     On and/or before February 8, 2024, Defendant United States of America, by and through its congressionally established agency, the USPS, owned, possessed, and/or controlled a 1992 Grumman Long Life Vehicle (LLV).

15.   On and/or before February 8, 2024, Defendant United States of America, by and through its congressionally established agency, the USPS, entrusted the 1992 Grumman LLV to Cassandra Norman in furtherance of her duties and responsibilities to deliver letters, printed matter, parcels, and similar materials throughout St. Louis, Missouri.

16.   On and/or before February 8, 2024, Ms. Karen Roth resided at 9859 Green Valley Drive, St. Louis, Missouri 63136.

17.   On and/or before February 8, 2024, Green Valley Drive in St. Louis, Missouri was a residential, public roadway with a posted speed limit of twenty-five (25) miles per hour (MPH).

18.   On February 8, 2024, Ms. Karen Roth left her home at 9859 Green Valley Drive, St. Louis, Missouri 63136, and traveled approximately 0.1 miles on foot to the Phillips 66 Gas Station at 1955 Chambers Road, St. Louis, Missouri 63136 – a daily routine for her.

19.   On February 8, 2024, at or around 3:45 PM, Ms. Karen Roth left the Phillips 66 Gas Station, to return to her home.

20.   On February 8, 2024, at or around 3:45 PM, Cassandra Norman operated the USPS 1992 Grumman LLV on Green Valley Drive, St. Louis, Missouri, in the course and scope of her employment.

21.   On February 8, 2024, at or around 3:45 PM, while walking on Green Valley Drive, St. Louis, Missouri, Ms. Karen Roth was struck by the 1992 Grumman LLV operated by Cassandra Norman.

22.    On February 8, 2024, at or around 3:45 PM, Ms. Karen Roth was trapped underneath the 1992 Gramman LLV, between the front and rear tires, for several minutes before she was extracted by emergency first responders.

23.    On February 8, 2024, at or around 4:21 PM, Ms. Karen Roth was pronounced dead at Barnes-Jewish Hospital in St. Louis, Missouri.  Ms. Karen Roth sustained multiple bilateral rib fractures, penetrating and lacerating trauma to the heart and major vessels, massive internal bleeding in both the thoracic and abdominal cavities (hemothorax and hemoperitoneum), lacerations of vital organs such as the spleen and liver, and severe abrasions and lacerations along her extremities.  The crushing force exerted on Ms. Roth's chest and abdomen caused fatal damage to her cardiovascular system and other vital structures.

24.    The Federal Tort Claims Act "waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States." *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010).  The Postal Reorganization Act provides that "the FTCA shall apply to tort claims arising out of activities of the [United States] Postal Service." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409).  The United States can be liable under the FTCA "to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged conduct took place." *Green Acres Enterprises v. United States*, 418 F.3d 852, 856 (8th Cir. 2005).

25.    Defendant United States of America, acting through its agent, servant, and/or employee Cassandra Wright, owed the highest duty of care to members of the public,

6

including Ms. Karen Roth, while conducting the usual and customary business of the USPS on public roadways.[1]

26.     On or about February 8, 2024, Defendant United States of America's agent, servant, and/or employee, Cassandra Norman, while acting within the course and scope of her employment with the United States Postal Service, traveled on Green Valley Drive when she permitted Defendant United States of America's 1992 Grumman LLV to strike and run over Ms. Karen Roth.

27.     Defendant United States of America, by and through its employee, servant, and agent, Cassandra Norman, directly and proximately caused the fatal injuries sustained by Ms. Karen Roth in one or more of the following respects:

 (a) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly failed to keep a careful lookout for pedestrians; and,

 (b) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly failed to swerve, slacken speed, and/or stop before striking Ms. Karen Roth; and,

 (c) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly failed to stop upon striking Ms. Karen Roth; and,

 (d) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly operated the 1992 Grumman LLV at an excessive rate of speed under circumstances then and there existing; and

---

[1] Missouri Revised Statute § 304.012 provides, "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and ***shall exercise the highest degree of care***." (emphasis added).

(e) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly caused the 1992 Grumman LLV to strike Ms. Karen Roth; and,

(f) By and through its employee, servant, and agent, Cassandra Norman, Defendant United States of America negligently and carelessly failed and omitted to give or sound any signal or warning of the approach or proximity of the 1992 Grumman LLV.

28.    As a direct and proximate result of the negligence and carelessness of Defendant United States of America's employee, servant, and agent, Cassandra Norman, in one or more of these respects, while acting in the course and scope of her employment, Ms. Karen Roth was caused to suffer fatal physical injuries.

29.    As a direct and proximate result of the negligence and carelessness of Defendant United States of America's employee, servant, and agent, Cassandra Norman, in one or more of these respects, while acting in the course and scope of her employment, Plaintiffs have sustained, and will continue to sustain, damages for pecuniary loss, funeral expenses, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiffs are deprived by reason of Ms. Karen Roth's tragic and untimely death.

30.    Additionally, Plaintiffs seek to recover damages for the conscious pain, suffering, and mental anguish experienced by Ms. Karen Roth from the time Defendant United States of America's employee, servant, and agent, Cassandra Norman, negligently and carelessly ran over Ms. Karen Roth until her death – an action Ms. Karen Roth could have maintained had she survived.

ACCORDINGLY, Plaintiffs request that this Honorable Court enter judgment in their favor and against Defendant United States of America, for compensatory damages, their taxable costs, and for such other legal and equitable relief that this Honorable Court deems just and appropriate.

Respectfully submitted,

**BROWN & CROUPPEN, P.C.**

*/s/ Richard J. Zalasky*
Richard J. Zalasky, #29537 (MO)
Kristine H. Bridges, #48744 (MO)
4900 Daggett Avenue
St. Louis, Missouri 63110
P: (314) 561-6319 | F: (314) 421-0359
RichZ@getbc.com
KristineB@getbc.com
PIPleadings@getbc.com

*Counsel for Plaintiffs*